CLEKS COPY

**FILED**

UNITED STATES DISTRICT COURT

APR 0 7 1999

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FLORENCIO ZAMORA,

      Plaintiff,

CLERK

v.

      No. CIV-98-1156 MV/WWD

GOVERNOR GARY JOHNSON, et al.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court *sua sponte* to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed as frivolous.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And a complaint may be dismissed *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (dismissal under former § 1915(d) based on waiver); *Sack v. St. Francis Hosp.*, 16 F.3d 417 (Table, text in Westlaw), 1994 WL 19037, at *2 (10th Cir. 1994) (dismissal based on res judicata and collateral



estoppel). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims against a number of New Mexico state officials under 18 U.S.C. §§ 1951, 1954, 1957, 1961, 1962(A)-(D), 1956, 1963(A)-(D); Fed.R.Crim.P. 902(b); and the New Mexico and United States Constitutions. These claims are based on allegations that Defendants entered into illegal agreements to transfer New Mexico prisoners to private correctional facilities in New Mexico and to facilities in other states. Plaintiff has previously asserted claims arising from these events in a number of actions filed under 42 U.S.C. § 1983 and 28 U.S.C. § 2254. *See Zamora v. Moriarty*, No. CIV 96-0129 SC/JHG; *Moore v. Bowles*, No. CIV 96-0837 LH/WWD; *Zamora v. Williams*, No. CIV 97-0391 SC/JHG. *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (a court may take judicial notice of its own records). The instant claims could have been brought in the prior actions filed by Plaintiff and, therefore, are barred by the doctrine of res judicata. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED as frivolous; and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE